IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

AMERICAN ALTERNATIVE
INSURANCE COMPANY                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 4:10-CV-00141-GHD-JMV

NORTHWEST MISSISSIPPI GRAIN, LLC and
HOME INSURANCE AGENCY, INC.                                        DEFENDANTS

MEMORANDUM OPINION DENYING
PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S DECISION

Presently before the Court is Plaintiff American Alternative Insurance Company's

objection [49] to the magistrate judge's Order [46] granting Defendant Northwest Mississippi

Grain, LLC's motion to file an amended answer, affirmative defenses, and counterclaim. Upon

due consideration, the Court finds that the objection is not well taken, and that the magistrate

judge's Order should stand.

*A. Factual and Procedural Background*

On November 3, 2010, Plaintiff American Alternative Insurance Company (the

"Plaintiff") filed this suit against Defendant Northwest Mississippi Grain, LLC (the

"Defendant") seeking relief in the form of a declaratory judgment for reformation of an

insurance policy issued to Defendant to include forms that were omitted from the policy, and a

declaration of the rights and legal relations of Plaintiff and Defendant under the insurance

contract. Defendant filed an answer to the complaint and counterclaim against Plaintiff for sums

allegedly due Defendant for fire damage covered under the insurance policy. Plaintiff

subsequently filed an answer to the counterclaim. The parties engaged in discovery. Then, on

August 26, 2011, Defendant filed a motion to amend its answer and counterclaim [35]. In the

1

motion, Defendant claimed to have "discovered facts and evidence which substantially affect the current state of the pleadings and various causes of action of [Defendant]" and sought to add a theory of recovery concerning the existence of an oral insurance contract between the Plaintiff and Defendant. Plaintiff argued that Defendant was "judicially estopped" from presenting a new theory concerning the existence of an oral insurance contract that would supersede the written insurance policy in its proposed amended answer and counterclaim, as such theory was "directly opposed" to its previous position in its original answer and counterclaim and an "effort to gain a tactical advantage over [Plaintiff]," allegedly unduly prejudicial to Plaintiff, and "made after an inordinate delay and without any explanation for the delay." Plaintiff additionally argued that "the claims which [Defendant] now seeks to add are all matters which it already knew, and which it should have known in the exercise of due diligence, instead of matters newly discovered during the course of discovery."

Defendant argued in reply that its additional theory of recovery was not directly opposed to the original cause of action as filed in the original answer and counterclaim, but merely constituted an alternative theory of recovery. Defendant argued that good cause existed under Rule 16(b)(4) to permit its proposed amendment to the pleadings. Defendant maintained that the reason for its delay in seeking to amend the pleadings was that Defendant did not learn until late June of 2011 that Plaintiff had never issued or mailed to Defendant a copy of the purported policy. Defendant additionally contended that Plaintiff would suffer no prejudice by the proposed amendment, as the information presented in Defendant's alternative theory of recovery was known to Plaintiff "all along."

Upon review of the parties' arguments regarding the Defendant's proposed amendment to the pleadings, as well as the applicable federal rules and related case law, the magistrate judge

2

entered an Order granting Defendant's motion to amend its answer and counterclaim [46]. Defendant subsequently amended its answer and counterclaim to include the new theory of recovery, and Plaintiff filed an objection to the magistrate judge's decision [49] pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Local Uniform Civil Rule 72(a)(1)(A). Plaintiff requests that this Court review and reverse the magistrate judge's Order allowing the amendment because the decision was clearly erroneous and contrary to law.

## B. Standard of Review

Nondispositive decisions of the magistrate judge, such as orders allowing amendment of the pleadings, are appealable to the district court pursuant to Rule 72 of the Federal Rules of Civil Procedure. Under Rule 72(a), the Court must uphold the magistrate judge's decision unless the decision is determined to be clearly erroneous. Rule 72 of the Local Uniform Civil Rules similarly provides in pertinent part that "[n]o ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law." L.U. CIV. R. 72(a)(1)(B).

Rule 16(b) of the Federal Rules of Civil Procedure governs the amendment of pleadings after a scheduling order deadline has expired. *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Rule 16(b) provides that a scheduling order "may be modified only for good cause." FED. R. CIV. P. 16(b)(4). "Rule 16(b) allows such amendments only for good cause and with the court's consent, requiring the party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.' " *De Franceschi v. BAC Home Loans Servicing, L.P.*, No. 11–10860, 2012 WL 1758597, at *2 (5th

Cir. May 17, 2012) (quoting *S & W Enters.*, 315 F.3d at 535). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enters.*, 315 F.3d at 536. Courts should consider four factors: "1) the explanation for the failure to move timely for leave to amend; 2) the importance of the amendment; 3) potential prejudice in allowing the amendment; and 4) the availability of a continuance to cure such prejudice." *Hawthorne Land Co. v. Occidental Chemical Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (citing *S & W Enters.*, 315 F.3d at 536).

### C. Discussion

Plaintiff argues in its objection that the magistrate judge's Order was clearly erroneous because the magistrate judge failed to consider the binding admission by Defendant in its response to Plaintiff's first requests for admission that it sought to recover for fire damage under the <u>written</u> insurance contract. Plaintiff contends that this admission bars Defendant from now asserting a claim against Plaintiff under a purported <u>oral</u> insurance contract under principles of judicial estoppel, and that Defendant had the information necessary to posit this alternative theory at the outset of this litigation, but chose not to do so to gain a tactical advantage in the lawsuit. Third-Party Defendants Home Insurance Agency, Inc. and Guy H. O'Reilly join in the objection.

Defendant argues in response that judicial estoppel does not apply, as Defendant lacked the knowledge at the outset of this litigation necessary to plead its alternative theory, as such information was only learned after discovery of Plaintiff's expert report. Defendant explains that its original position and the addition of its new alternative oral contract theory are not inconsistent but supplementary. Defendant specifically argues that the request for admission at

issue does not state when a policy was issued, and that the insurance policy was only issued after the loss.

The magistrate judge entered the Order granting leave to amend the answer and counterclaim, because she was satisfied that based on the record, Defendant did not know the facts relevant to their amendment before the scheduling deadline. She analyzed each of the four factors under Rule 16(b) and held the amendment was proper under Rule 16(b). The Court finds that the magistrate judge's Order was not clearly erroneous and contrary to law.

THEREFORE, the Court finds that Plaintiff's objection appealing the Order permitting the amendment of the pleadings [49] should be DENIED.

A separate order in accordance with this opinion shall issue this day.

THIS, the 23rd day of August, 2012.

_____
SENIOR JUDGE